UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  

NOT FOR PUBLICATION

------------------------------------------------------------------x  
In re:                                                           :   Chapter 7  
  Truline Construction Services, Inc.,                 :  
            :  
        Debtor.          :   Case No. 23-11623 (JLG)  
------------------------------------------------------------------x  
Gregory M. Messer, solely in his capacity as                     :  
Chapter 7 Trustee of the Estate of Truline                       :  
Construction Services, Inc.,                                     :  
            :  
       Plaintiff,             :  
            :  
v.                                                               :   Adv. Pro. No. 24-04027 (JLG)  
            :  
CCM Roofing LLC, CCM Roofing NY Corp.,                           :  
Colliers Engineering & Design, Inc. d/b/a Maser                  :  
Consulting, Dicor Construction Inc., Foam                        :  
Insulation Solution Corp., Nguyen Custom                         :  
Woodworking LLC, JR Roselle Lighting, Inc., JT                   :  
Roselle Lighting, Inc., JT Roselle Lighting and                  :  
Supply, Inc., JT Roselle Home Lighting, Inc., T-                 :  
Squared Design Inc., SportsProsUSA Inc., Unity                   :  
Creations, Ltd., Schindler Elevator Corporation,                 :  
            :  
       Defendants.            :  
------------------------------------------------------------------x  

**MEMORANDUM DECISION AND ORDER RESOLVING**  
**THE CHAPTER 7 TRUSTEE'S MOTION FOR THE ENTRY OF AN ORDER**  
**GRANTING DEFAULT JUDGMENT AGAINST**  
<u>**DEFENDANT JT ROSELLE LIGHTING AND SUPPLY, INC.**</u>

**A P P E A R A N C E S**:

LAMONICA HERBST & MANISCALCO, LLP  
*Counsel to Gregory M. Messer, Chapter 7 Trustee*  
3305 Jerusalem Avenue, Suite 201  
Wantagh, NY 11793  
 By: Jacqulyn S. Loftin, Esq.  
    William Michetti, Esq.

**HON. JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

## INTRODUCTION[1]

Truline Construction Services Inc. (the "Debtor") is a chapter 7 debtor herein. Gregory M. Messer is the chapter 7 trustee of the Debtor's estate (the "Trustee"). He commenced this adversary proceeding by filing a complaint (the "Complaint")[2] against JT Roselle Lighting and Supply, Inc. (the "Defendant") and other parties (collectively, the "Defendants") seeking a final adjudication and declaration that none of the Defendants has an interest in and to the Luria Settlement Sum.

The Defendant did not answer or otherwise respond to the Complaint. The matter before the Court is the Trustee's motion for entry of a default judgment against the Defendant pursuant to Rule 55(b) of the Federal Rules of Civil Procedure ("Rule 55") and Rule 7055 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (the "Motion").[3] The Defendant did not respond to the Motion or appear at the hearing on the Motion. For the reasons set forth herein, the Court grants the Motion.

## FACTUAL ALLEGATIONS[4]

The Debtor formerly operated as a construction management and general contracting firm. Complaint ¶¶ 42–43. Its clientele consisted of corporate fit-outs, mission critical environments, broadcast studios, high-end lobbies, schools, non-profit organizations, infrastructure upgrades,

---

[1] Capitalized terms shall have the meanings ascribed to them herein.

[2] *Complaint*, AP ECF No. 1. References to "ECF No.    " are to documents filed on the electronic docket of the main case, *In re Truline Construction Services, Inc.*, Case No. 23-11623. References to "AP ECF No. __" are to documents filed on the electronic docket of this adversary proceeding Adv. Pro. No. 24-04027.

[3] *Chapter 7 Trustee's Motion for the Entry of an Order Granting Default Judgment against Defendant JT Roselle Lighting and Supply, Inc.*, AP ECF No. 67.

[4] The factual allegations in the Complaint are accepted as true, as required on a motion seeking entry of a default judgment pursuant to Rule 55(b)(2). *See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC,* 779 F.3d 182, 188 (2d Cir. 2015).

2

tech startups, retail, institutional and residential projects. *Id.* ¶ 43. On October 12, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. *Id.* ¶ 8.

On November 4, 2023, Gregory M. Messer was appointed as the interim chapter 7 trustee of the Debtor's estate. *Id.* ¶ 9. He has since duly qualified and is the permanent Trustee administering the estate. *Id.* The last day to file claims against the Debtor's estate was March 7, 2024 ("Bar Date"). *Id.* ¶ 10.[5] The Defendant was served with notice of the bankruptcy filing. *Id.* ¶ 11.[6] The Defendant was served with notice of the Bar Date. *Id.* ¶ 12. The Defendant did not file a proof of claim herein. *Id.* ¶ 14.

Prior to the Petition Date, the Debtor was hired as a general contractor by Luria Academy of Brooklyn ("Luria"), a private school, to perform renovation services (the "Luria Project") for the school buildings located at 664 Bergen Street and 235 St. Marks Avenue in Brooklyn, New York (collectively, the "Luria Buildings"). *Id.* ¶ 46. The Debtor hired subcontractors, including the Defendant, to perform renovation services on the Luria Project on behalf of the Debtor for Luria's benefit. *Id.* ¶ 47.

Based upon his analysis of the Debtor's books and records, the Trustee determined that Luria owed the Debtor an account receivable in the amount of $1,425,658 for services rendered in connection with the Luria Project ("Luria Account Receivable"), to which Luria has asserted various offsets and defenses. *Id.* ¶ 48. The Trustee also determined that nine mechanic lien claimants (the "Lien Holders") filed mechanic liens against the Luria Buildings in the aggregate amount of approximately $1,147,000 for services rendered in connection with the Luria Project.

---

[5] *Notice of Possible Payment of Dividends and of Last Date to File Claims*, ECF No. 16.

[6] *Certificate of Mailing Re: Notice of 341(a) Meeting of Creditors*, ECF No. 9.

3

*Id.* ¶ 50. Finally, he determined that certain creditors asserted claims against the estate under Article 3-A of New York Lien Law in the total aggregate amount of approximately $433,000 ("3-A Claimants"). *Id.* ¶ 52.

The Defendant is neither a Lien Holder nor a 3-A Claimant. The Defendant did not file a mechanics lien against the Luria Buildings. The statute of limitations for any subcontractors engaged by Debtor to perform work on the Luria Project to file mechanic's liens against the Luria Property has expired. *Id.* ¶ 51.

On August 8, 2024, the Court entered an order (the "Luria Settlement Order")[7] approving a settlement by and among the Trustee, Luria, the Lien Holders and 3-A Claimants (the "Luria Settlement"). *Id.* ¶ 54. Under the Luria Settlement, Luria agreed to pay the Debtor's estate the sum of $1,050,000 ("Luria Settlement Sum") in full and final satisfaction of the Luria Account Receivable. *Id.* ¶ 55. On or about August 13, 2024, Luria paid the Luria Settlement Sum to the Trustee in accordance with the Luria Settlement Order. *Id.* ¶ 56. Pursuant to the Luria Settlement Order, upon his receipt of the Luria Settlement Sum, the Trustee (i) paid each of the Lien Holders 55% of the amount of each of the Lien Holders' mechanic lien claim; and (ii) paid each of the Settled 3-A Claimants 55% of the amount of each of the 3-A Claimants' Article 3-A claim. *Id.* ¶¶ 57–58.

---

[7] *Order Approving the Stipulations, Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Proceeding, by and Among the Chapter 7 Trustee on Behalf of the Debtor's Estate, Luria Academy of Brooklyn, and the Related Mechanic Lien Holders and Article 3-A Claimants and Related Relief*, ECF No. 40.

4

The Trustee filed a motion seeking approval of the Luria Settlement (the "Luria Settlement Motion").[8] The Trustee served the Defendant with notice of the Luria Settlement Motion. *Id.* ¶ 59.[9] The Defendant did not object to or otherwise respond to the motion or assert an interest in or to the Luria Settlement Sum. *Id.* ¶¶ 60–61. The Defendant was a subcontractor of the Debtor and performed services on the Luria Project on behalf of the Debtor. *Id.* ¶¶ 62–63. The Defendant may have claims under Article 3-A of the New York Lien Law in and to the Luria Settlement Sum for the services rendered on the Luria Project on behalf of the Debtor. *Id.* ¶ 64.

## PROCEDURAL HISTORY

On September 26, 2024, the Trustee filed the single count Complaint. He lists the "statutory predicates" for the claims asserted in the Complaint as sections 105, 502, 506, 544, and 551 of the Bankruptcy Code, section 213 of the New York Civil Practice Law and Rules, section 1501 of the New York Real Property Actions and Proceedings Law, and 28 U.S.C. § 2201. Complaint ¶ 4. He asserts that he has brought this action "pursuant to, inter alia, New York Real Property Actions and Proceedings Law . . . seeking a final adjudication and declaration that [the Defendant] does not have an interest in and to Luria Settlement Sum." *Id.* ¶ 1. Specifically, the Trustee seeks entry of an order against the Defendant

> (a) declaring that . . . Defendant does not have any right title or interest in and to the Luria Settlement Sum, and that the estate is the lawful owner and vested in title to the Luria Settlement Sum free and clear of any and all liens, claims, encumbrances, assertions or interests of . . . Defendant; and (b) declaring that . . . Defendant, and every entity claiming under Defendant[], be forever barred from any and all claims of ownership in and to the Luria Settlement Sum and/or the proceeds thereof.

---

[8] *Notice of Hearing on Motion Seeking Approval of the Stipulations, Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Proceeding, By and Among the Chapter 7 Trustee on Behalf of the Debtor's Estate, Luria Academy of Brooklyn, and the Related Mechanic Lien Holders and Article 3-A Claimants and Related Relief*, ECF No. 36.

[9] *Affidavit of Service*, ECF No. 37.

5

*Id.* ¶ 70.

On October 3, 2024, the Trustee filed an Affidavit of Service attesting that on September 30, 2024, the Defendant was served with the Summons[10] and Complaint by first class mail.[11]

Pursuant to Bankruptcy Rule 7012(a), the Defendant was required to answer the Complaint within thirty days after issuance of the Summons, making the answer due by October 30, 2024. Additionally, Bankruptcy Rule 9006(f) provides three additional days for service by mail, extending the deadline to November 2, 2024.

The Defendant did not answer or seek any other relief with respect to the Complaint. On November 6, 2024, the Trustee filed a request for entry of default.[12] On November 19, 2024, the Clerk entered a certificate of the Defendant's default (the "Clerk's Certificate").[13] The Trustee certified the entry of default was mailed to Defendant.[14] On January 29, 2025, the Trustee filed the Motion. On February 4, 2025, the Trustee served notice of the hearing on the Motion via first class mail to the Defendant.[15] The Defendant did not respond to the Motion. On February 24, 2025, the Trustee submitted the Certificate of No Objection to the Motion.[16] On February 26, 2025, the Court conducted a hearing on the Motion. The Defendant did not appear at the hearing.

---

[10] *Summons with Notice of Pre-Trial Conference issued by Clerk's Office with Pre-Trial Conference*, AP ECF No. 2 (the "Summons").

[11] *Affidavit of Service*, AP ECF No. 3.

[12] *Request for Clerk's Entry of Default Against Defendant JT Roselle Lighting and Supply, Inc.*, AP ECF No. 25.

[13] *Clerk's Entry of Default against JT Roselle Lighting and Supply, Inc.*, AP ECF No. 39.

[14] *Certificate of Mailing Re: Clerk's Entry of Default*, AP ECF No. 51.

[15] *Affidavit of Service re Defendant JT Roselle Lighting and Supply Inc.*, AP ECF No. 78.

[16] *Certificate of No Objection to Chapter 7 Trustee's Motion for the Entry of an Order Granting Default Judgment Against Defendant JT Roselle Lighting and Supply, Inc.*, AP ECF No. 94.

## **JURISDICTION**

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and (b)(1) and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (K) and (O).

The Court has personal jurisdiction over the Defendant. Bankruptcy Rule 7004(f) provides that "[i]f the exercise of jurisdiction is consistent with the Constitution and laws of the United States, serving a summons or filing a waiver of service in accordance with this rule or the subdivisions of [Fed. R. Civ. P. 4] made applicable by these rules is effective to establish personal jurisdiction over . . . [the] defendant . . . [in] a civil proceeding arising under the Code, or arising in or related to a case under the Code." Fed. R. Bankr. P. 7004(f); *see also Milazzo v. Techakraisri (In re Old DDUS, Inc.),* 659 B.R. 810, 828–29 (Bankr. S.D.N.Y. 2024) ("Federal Rule of Bankruptcy Procedure 7004(b) permits service of a summons and complaint in an adversary proceeding to be accomplished by mail, but only within the boundaries of the United States."). The Trustee's counsel served the Summons and Complaint via first class mail on September 30, 2024, addressed to the Defendant's place of business at "84 Business Park Drive, Suite 106, Armonk, New York 10504."[17] Additionally, the Defendant's contacts with this jurisdiction are established through its performance of subcontractor work on the Luria Project on behalf of the Debtor prior to the Petition Date. These contacts with the forum are sufficient to support this Court's exercise of personal jurisdiction over the Defendant.

Finally, the Court finds that it has the Constitutional authority to enter the default judgment. In *Stern v. Marshall*, the United States Supreme Court held that without the consent of the parties,

---

[17] *Affidavit of Service*, AP ECF No. 3.

a bankruptcy court (as an Article I court) may not enter a final judgment with respect to certain core proceedings under 28 U.S.C. §157. *Stern v. Marshall*, 564 U.S. 462, 503 (2011). In *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665 (2015), the Court considered the scope of the consent called for under section 157. It held that express consent was not required, and that a party's "consent" to a final determination of a matter by a bankruptcy court may be "implied." *Wellness Int'l Network, Ltd. v. Sharif* at 683-84 ("Nothing in the Constitution requires that consent to adjudication by a bankruptcy court be express. Nor does the relevant statute, 28 U.S.C. § 157, mandate express consent; it states only that a bankruptcy court must obtain 'the consent'—consent *simpliciter*—'of all parties to the proceeding' before hearing and determining a non-core claim. § 157(c)(2).").

The issue here is whether the Defendant's default in responding to the Complaint constitutes an implied consent to the Court's issuance of a final judgment herein. Courts in this district find that such consent exists where a defendant has been properly served with a summons that expressly warns that the failure to respond to the complaint will be deemed consent to the entry of a default judgment by the bankruptcy court. *See Executive Sounding Bd. Assocs. v. Advanced Mach. & Eng'g Co. (In re Oldco M. Corp.)*, 484 B.R. 598, 610-15 (Bankr. S.D.N.Y. 2012); *accord Kravitz v. Deacons (In re Advance Watch Co. Ltd.)*, 587 B.R. 598, 601-602 (Bankr. S.D.N.Y. 2018); *In re Old DDUS, Inc.,* 659 B.R. at 834.

Here, the Summons served on the Defendant contained explicit warning language stating:

> IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

8

Summons at 1–2. As the court explained in *In re Old DDUS, Inc.*, this type of "summons language could not have been clearer," and a defendant's "knowing and voluntary election not to appear in response to the summons, notwithstanding the clear language of the summons that was validly served upon him, was a knowing and voluntary consent to the entry of a final default judgment by this Court." *In re Old DDUS, Inc.,* 659 B.R. at 834–35.

Moreover, this adversary proceeding involves a claim for declaratory relief under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, with respect to property of the bankruptcy estate. The Court plainly has core subject matter jurisdiction to enter a final judgment determining the rights of the estate and various creditors in that property. *See* 28 U.S.C. § 157(b)(2)(A), (E), (O).

The Defendant's implied consent through default, coupled with the core nature of this proceeding concerning estate property, establishes this Court's Constitutional authority to enter a final judgment in this adversary proceeding. Both the requirements for service of process and the Constitutional authority have been satisfied.

## **LEGAL PRINCIPLES**

"Default judgments 'are generally disfavored and are reserved for rare occasions.'" *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada,* 374 F.3d 158, 168 (2d Cir. 2004) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)).

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, the plaintiff must obtain an entry of default under Rule 55(a) by showing that the defaulting party "has failed to plead or otherwise defend . . . ." Fed. R. Civ. P. 55(a). Second, the plaintiff must "seek a judgment by default under Rule 55(b)." *Id.* at 505.

9

In addition to, or in lieu of, damages and costs, courts are empowered to grant declaratory relief following default. *Continental Ins. Co. v. Huff Enters. Inc.*, No. 07-3821, 2009 WL 3756630, at *3 (E.D.N.Y. Nov. 6, 2009). However, the "plaintiff must . . . establish that on the law it is entitled to the relief it requests, given the facts as established by the default." *Trs. of the Plumbers Local Union No. 1 Welfare Fund v. Generation II Plumbing & Heating, Inc.*, No. 07-5150, 2009 WL 3188303, at *2 (E.D.N.Y. Oct. 1, 2009) (citation omitted); *see also PHL Variable Ins. Co. v. Bimbo*, No. 17-1290, 2018 WL 4691222, at *2 (E.D.N.Y. Aug. 30, 2018), *report and recommendation adopted*, No. 17-1290, 2018 WL 4689580 (E.D.N.Y. Sept. 28, 2018).

"[P]rior to entering default judgment, a district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law." *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (quotations, brackets, footnote, and citation omitted); *see also Bricklayers,* 779 F.3d at 187 ("A court's decision to enter a default against defendants does not by definition entitle plaintiffs to an entry of a default judgment. Rather, the court may, on plaintiffs' motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true.").

While the decision to enter a default judgment is left to the "sound discretion of the court," *In re Houston*, 32 B.R. 584, 586 (Bankr. S.D.N.Y. 1983) (citing cases), that discretion is not without limits. In determining whether a default judgment is appropriate, "the court should . . . accept[] as true all of the factual allegations of the complaint, except those relating to damages." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir.1981) (citations omitted). The plaintiff is also "entitled to all reasonable inferences from the evidence offered." *Id.* (citations omitted). Yet, the Court must still decide "'whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Smith v. Household Fin.*

*Realty Corp. of New York (In re Smith)*, 262 B.R. 594, 597 (Bankr. E.D.N.Y. 2001) (quoting C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure: Civil* § 2688 at 280-81, 282 (1998)); *accord In re Johnson*, 313 B.R. 119, 126 (Bankr. E.D.N.Y. 2004).

## ANALYSIS

"The first step, entry of a default formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *Mickalis Pawn Shop, LLC*, 645 F.3d at 128. Provided the request for entry of default complies with the procedural requirements of Rule 55(a), "the Rule's mandatory language vests no discretion in the district court clerk regarding whether a default can be entered." *Silverman v. RTV Commc'ns Grp., Inc.,* No. 96-7872, 2002 WL 483421, at *6 (S.D.N.Y. Mar. 28, 2002). Here, the Clerk's Certificate notes the failure of the Defendant to answer or otherwise move with respect to the Complaint. Accordingly, the first step has been accomplished: the Clerk has entered the Defendant's default.

"The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." *Mickalis Pawn Shop, LLC*, 645 F.3d at 128. The facts as alleged in the Complaint support the Trustee is entitled to the relief.

First, the Complaint alleges that the Defendant performed work as a subcontractor on the Luria Project prior to the Petition Date. *Id.* ¶ 47. This establishes the Defendant's potential interest in the Settlement Sum arose from its work on that project.

Second, the Complaint alleges the statute of limitations for filing mechanic's liens against the Luria Property has expired. Complaint ¶ 51. Under section 3 of the New York Lien Law, "a subcontractor who performs labor and furnishes material for the improvement of real property has

11

a lien for the value or agreed price of the labor and material." *Beacon Const. Co. v. Matco Elec. Co.*, 521 F.2d 392, 395 (2d Cir. 1975). However, "[u]pon the filing of notice the lien attaches and becomes effective" and "[t]he notice must be served upon the owner of the property to be fully enforceable against him." *Id.* Here, the Defendant failed to file a notice of lien, despite receiving proper notice of the bankruptcy case and the Luria Settlement Order. Under section 544 of the Bankruptcy Code, the Trustee has the power to avoid unperfected liens as a hypothetical lien creditor as of the Petition Date. Because the Defendant never properly perfected its mechanic's lien rights under state law before bankruptcy, the Trustee can avoid any interest the Defendant might claim in the property. *See* 11 U.S.C. § 544. Furthermore, pursuant to section 551 of the Bankruptcy Code, any such avoided lien interest is automatically preserved for the benefit of the bankruptcy estate. *See id.* § 551. Having failed to take the steps to preserve its rights pre-petition, the Defendant can no longer assert any claim to the Luria Settlement Sum superior to that of the Trustee, and forfeited any claim to the Luria Settlement Sum that could have been secured by a valid mechanic's lien.

Third, the Complaint alleges the Defendant received notice of both the bankruptcy filing and the Bar Date. Complaint ¶¶ 11–12. Yet the Defendant failed to file any proof of claim. This failure to preserve its rights in the bankruptcy proceeding is fatal to any claim the Defendant might assert against estate property.

Fourth, the Complaint alleges the Defendant received notice of the proposed settlement yet failed to object or assert any interest in the Settlement Sum before the Court approved the settlement. *Id.* ¶ 59. There is no dispute that the Defendant received notice of the proposed settlement. This notice gave the Defendant an opportunity to protect any interests it may have had in the Settlement Sum by raising objections during the approval process. As the Court explained,

12

a party's response—or lack thereof—to such notice can inform the analysis of its rights to the disputed property. *In re Residential Cap., LLC*, No. 12-12020, 2022 WL 17836560, at *64 (Bankr. S.D.N.Y. Dec. 21, 2022) (holding that where insurers received notice of settlement but did not object to its approval, they could not later challenge the settlement's terms), *report and recommendation adopted in part, rejected in part sub nom. Drennen v. Certain Underwriters at Lloyd's of London*, No. 23-3385, 2024 WL 4476067 (S.D.N.Y. Oct. 11, 2024). In other words, Defendant is bound by the settlement's terms. *See In re Ivan F. Boesky Sec. Litig.*, 948 F.2d 1358, 1366–67 (2d Cir. 1991) ("[A] named plaintiff who is a party to a proposed class settlement may lose whatever opt-out rights are available; a named plaintiff who declines to become a party to such a settlement may retain such rights. Second, a named plaintiff who is a party to a proposed class settlement may lose the right to object to the substantive terms of the settlement before the district court; a named plaintiff who declines to become a party to such a settlement may object."). Here, Defendant's lack of response to the Luria Settlement Motion, following its failure to file a proof of claim, further supports the conclusion that it has no remaining interest in the Settlement Sum.

The Complaint establishes that the Defendant: (1) had potential rights against the Settlement Sum arising from its work on the Luria Project; (2) failed to perfect those rights through available state law remedies; (3) failed to preserve any claim against the estate despite notice; and (4) failed to object to the Luria Settlement or assert a claim against the Settlement Sum despite notice. In short, the Defendant has forfeited any claim it might have had to the Settlement Sum through its own inaction at multiple junctures.

Importantly, this is not merely a matter of default leading automatically to loss of rights. Rather, the Complaint traces how the Defendant's failure to act, despite proper notice and

opportunity, systematically eliminated each avenue through which it might have asserted a claim to the Settlement Sum. The Defendant has no remaining right or interest in the Settlement Sum.

The Court finds the Trustee has stated a valid claim for declaratory relief and is entitled to judgment declaring the estate's ownership of the Settlement Sum free and clear of any claim by the Defendant.

## **CONCLUSION**

For the foregoing reasons, the Court grants the Motion. The Trustee is directed to submit a judgment declaring that: (1) the Defendant has no right, title or interest in the Settlement Sum; (2) the Debtor's estate is the lawful owner of the Settlement Sum free and clear of any liens, claims, encumbrances or interests asserted by the Defendant; and (3) the Defendant is barred from asserting any claims with respect to the Settlement Sum.

IT IS SO ORDERED.

Dated:  February 27, 2025
       New York, New York

                                        /s/ *James L. Garrity, Jr.*
                                        Honorable James L. Garrity, Jr.
                                        United States Bankruptcy Judge